# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7099**

**September Term, 2021**

FILED ON: MAY 10, 2022

BYD COMPANY LTD,

        APPELLANT

v.

ALLIANCE FOR AMERICAN MANUFACTURING, ET AL.,

        APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-03458)

---

Before: HENDERSON, PILLARD, and KATSAS, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED** that the judgment of the district court be **AFFIRMED**.

BYD Company Ltd., a Chinese corporation, brings defamation claims against the Alliance for American Manufacturing and three of its employees. The claims before us arise from two short articles that the Alliance published on its website. The articles state that BYD benefits from forced labor and is controlled by the Chinese government. The district court dismissed the complaint for failure to plausibly allege that the Alliance published the articles with actual malice. *BYD Co. v. Alliance for Am. Mfg.*, 554 F. Supp. 3d 1 (D.D.C. 2021). We affirm.

To establish defamation under D.C. law, a plaintiff must show, among other things, that the defendant made a false and defamatory statement and acted with the requisite level of fault. *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001). For statements about a public figure, the fault standard is actual malice, which means the defendant made the statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 116 (D.C. Cir. 2017) (quoting *New York Times v.*

*Sullivan*, 376 U.S. 254, 280 (1964)).  It is not enough that the defendant "should have known" that its statement was false; the defendant must have "in fact harbored subjective doubt" about the truth of its claim.  *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016).  BYD concedes that it is a public figure for the purposes of this case.  Thus, to survive a motion to dismiss, BYD must allege facts that support a plausible inference of actual malice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  BYD's complaint falls far short of that standard.

The first disputed article is titled "Some of the World's Biggest Brands Depend on Forced Labor in China."  A. 442.  It describes a think-tank report that accuses the Chinese government of sending members of its Uyghur population into forced labor.  The article further states that "several known bad actors are also profiting from this forced labor, including … Build Your Dreams (BYD)."  A. 443.  BYD alleges that the report does not support this claim and that the Alliance must have known as much.  But the report *does* support the claim.  The report lists BYD as among the companies "directly or indirectly benefiting from the use of" forced labor.  A. 412.  And it states that a subsidiary of BYD's direct supplier uses over 100 forced laborers to make its products.  A. 419.  BYD further alleges that the Alliance is biased against foreign companies, but bias alone does not support an inference of actual malice.  *Tavoulareas v. Piro*, 817 F.2d 762, 795 (D.C. Cir. 1987) (en banc).  *Tavoulareas* left open the possibility that ill will could support a finding of actual malice "when combined with other, more substantial evidence of a defendant's bad faith."  *Id.*  But BYD's complaint makes no allegations of that sort.

The second article is titled "California has a $1 Billion Contract for PPE with BYD, a Company Controlled by the Chinese State."  A. 446.  BYD contends that its status as a privately owned corporation is well known, which it says supports a plausible inference that the Alliance remained willfully blind.  But the "failure to investigate will not alone support a finding of actual malice."  *McFarlane v. Sheridan Square Press, Inc.*, 91 F.3d 1501, 1510 (D.C. Cir. 1996) (cleaned up).  To raise an inference of actual malice based on willful blindness, BYD needed to allege something more, such as facts showing that the Alliance had "reason to doubt the veracity of its source."  *Id.*  BYD's sparse complaint makes no such allegations.  In any event, a privately owned company may be controlled by a government, so knowledge that BYD was privately owned would suggest little if anything about a claim that the Chinese government effectively controlled it.

For these reasons, we affirm the district court's judgment.  Pursuant to D.C. Circuit Rule 34, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk